THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CRAIG CRAWFORD, <br><br>                  Plaintiff, <br><br> v. <br><br> BRIAN REDD et al., <br><br>               Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT** <br><br> Case No. 2:23-cv-00549-JNP <br><br> District Judge Jill N. Parrish |

Plaintiff, self-represented inmate Craig Crawford, brings this civil-rights action, *see* 42 U.S.C.S. § 1983 (2024).[1] Having now screened the Complaint, (ECF No. 1), under its statutory review function, 28 U.S.C.S. § 1915A (2024),[2] the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2024).

[2] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

## COMPLAINT'S DEFICIENCIES

Complaint:

**(a)** improperly alleges civil-rights violations on a respondeat-superior theory--e.g.,. Defendants Zorn and Redd. (See below.)

**(b)** does not properly affirmatively link each specific civil-rights violation to each named defendant. (See below.)

**(c)** does not concisely link each element of claims of First Amendment violations to specific individually named defendant(s). (See below.)

**(d)** has claims possibly based on current confinement; however, the complaint was possibly not submitted using legal help Plaintiff is constitutionally entitled to by Plaintiff's institution--i.e., the prison contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a

---

28 U.S.C.S. § 1915A (2024).

claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.*

Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that

assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or

incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d

609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended

complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the

complaint setting forth names of each defendant, and affirmatively linked to applicable claims

within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant--typically, a named

government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d

1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is

essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly

*who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir.

2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250

(10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least

estimates of when alleged constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it,

should be stated separately. Plaintiff should be as brief as possible while still using enough words

to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(v) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(vi) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2024). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

### • Respondeat superior

The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no respondeat superior liability under § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and §

1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution."); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S.

397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee

relationship with a claimed tortfeasor. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658,

689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies

only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08

(10th Cir. 1998).

• **Affirmative links**

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250
> (10th Cir. 2008) (explaining that when plaintiff brings §
> 1983 claims against multiple defendants, "it is particularly
> important . . . that the complaint make clear exactly *who* is alleged
> to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*,
> 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's
> analysis of plaintiff's § 1983 claims was "infirm" where district
> court "lump[ed]" together plaintiff's claims against multiple
> defendants--"despite the fact that each of the defendants had
> different powers and duties and took different actions with respect
> to [plaintiff]"--and "wholly failed to identify specific actions taken
> by particular defendants that could form the basis of [a
> constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

*Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

• **First Amendment claims**

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Indeed, corrections "officials may restrict an inmate's ability to possess reading material if such a restriction is justified by legitimate penological interests under the familiar *Turner v. Safley*, 482 U.S. 78 (1987), analysis." *Dalrymple v. Rosa*, No. 16-CV-875-MSK-KMT, 2018 U.S. Dist. LEXIS 52446, at *7 (D. Colo. Mar. 28, 2018) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)); *see also Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (holding *Turner* analysis applies to prison regulations about sending publications to inmates). To successfully state a claim here, Plaintiff must allege that each defendant had "the required state of mind to commit a constitutional deprivation, namely, deliberate indifference to [Plaintiff's] First Amendment rights." *Dalrymple*, 2018 U.S. Dist. LEXIS 52446, at *11 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1204 (10th Cir. 2010)).

Under *Turner*, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. 482 U.S. at 89. Four factors guide this determination of validity. *Id.* at 89-90. However, Plaintiff does not even acknowledge that a freedom-of-the-press or freedom-of-speech cause of action has elements and factors, like those found in *Turner*, *id.*, each of which he is required to support with allegations of specific facts. His allegations are so spare and cursory that they accuse Defendants of violating his freedom-of-speech rights, by merely not providing him certain publications. These

allegations completely lack detail and awareness of the elements of the alleged cause of action;
and so the allegations are the very embodiment of the forbidden "'legal conclusion . . . couched
as a factual allegation.'" *Renaud*, 2023 U.S. Dist. LEXIS 19808, at *8 (citation omitted).

To further flesh out a claim upon which relief may be granted, Plaintiff must name each
publication not provided; which defendant denied him the publication; and the dates of each
denial.

## ORDER

**IT IS HEREBY ORDERED** as follows:

**(1)** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by
filing a document entitled, "Amended Complaint" that does not refer to or include any other
document. (ECF No. 1.)

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form
civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's
instructions, this action will be dismissed without further notice.

**(4)** The amended complaint shall not include any claims outside the dates and allegations
of transactions and events contained in the Complaint, filed August 21, 2023, (ECF No. 1). The
Court will not address any such new claims or outside allegations, which will be dismissed. If
Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint
in a new case.

**(5)** Plaintiff must tell the Court of any address change and timely comply with Court
orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the

Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**(6)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**(7)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**(8)** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

**(9)** Plaintiff's Motion to Summons Defendants is **DENIED**. (ECF No. 2.) There is no valid complaint on file as of this Order. Plaintiff is further notified that--because he is not proceeding *in forma pauperis*--he is not entitled to have the Court effect service of process. *See* 28 U.S.C.S. § 1915(d) (2024).

DATED May 24, 2024.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court